IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR204 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY P. PURDY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant, Anthony Purdy's, intent to file a "Motion to Vacate, Set Aside, or Correct Sentence by a Federal Prisoner under 28 U.S.C. § 2255 (§ 2255)" (Filing No. 97). Because the defendant raises his substantive claim in the motion, the court will construe the motion as a § 2255 motion. However, the United States Supreme Court has warned the federal courts not to recharacterize a pro se litigant's motion as a first § 2255 motion unless the court informs the litigant of the consequences of the recharacterization, thereby giving the litigant the opportunity to contest the recharacterization, or to withdraw or amend the motion. See Castro v. United States, 124 S.Ct. 786, 789 (2003):

> [W]e hold that the court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

Therefore, based on this authority, the defendant is allowed to amend or withdraw his § 2255 and the Clerk of Court is directed to send defendant a copy of the standard § 2255

form with which the defendant may amend his § 2255 motion.  If defendant wishes to withdraw his § 2255 motion he shall inform the court by December 22, 2006.

In his motion defendant also requests copies of: (1) police reports; (2) discovery; (3) statements; (4) proffers; and (5) transcript of suppression motion, hearing, minutes, and order.

Now that the defendant has filed his § 2255 motion, he may request free copies of the record or parts of the record.  However, 28 U.S.C. § 753(f) provides funds for a transcript if the defendant qualifies. "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  Id.  Furthermore, in United States v. Losing, 601 F.2d 351, 352 (8th Cir. 1979) (*per curiam*), the Eighth Circuit held that under section 753(b), access to materials such as a transcript is not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, nonfrivolous case.  Id. at 353

Therefore, before the court can determine whether to allow defendant to receive copies of the record at the government's expense, defendant must provide the court with more specificity regarding his requests.  If the defendant does not withdraw his § 2255 motion, defendant shall provide the court a document in writing identifying with specificity what documents he is requesting, and the relevancy each document will have to a specific claim or claims in his § 2255 motion.  Defendant should not be reluctant to disclose his

arguments and rational for those arguments because it will be necessary for him to do so to support his § 2255 motion.

THEREFORE, IT IS ORDERED:

1. That by December 22, 2006, the defendant will inform the court if he wishes to withdraw his § 2255 motion.

2. That by January 5, 2007, defendant will provide the court with any amendments he wishes to make to his § 2255 motion and a more specific request for documents that comply with this Order.

3. The Clerk is directed to send a copy of this Order and a § 2255 form to defendant at his last known address.

DATED this 1st day of December, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief U.S. District Court Judge