IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR204 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY P. PURDY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on initial review of defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 motion) (Filing No. 99), and his motion to withdraw document 97 (Filing No. 103).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After pleading guilty to Count I of the Indictment charging defendant with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), defendant was sentenced to thirty-six months in the custody of the Bureau of Prisons followed by one year of supervised release. Neither party filed a direct appeal in this case. In defendant's § 2255 motion he claims that he received ineffective assistance of counsel because his attorney

coerced him into entering into the plea agreement and gave him erroneous advice about the appellate court.  The United States shall answer the defendant's claim raised in his motion.  In addition to any other issues raised in the Answer, the United States shall address whether his claim is barred by procedural default, waiver, or untimeliness.

IT IS ORDERED:

1.    That defendant's motion to withdraw filing no. 97 (Filing No. 103) is granted;

2.    That upon initial review, the court finds and concludes that summary dismissal of the defendant's § 2255 motion (Filing No. 99) is not appropriate;

3.    That by March 5, 2007 the United States shall answer or otherwise respond to the defendant's § 2255 motion, and shall file an accompanying brief; and

4.    That by April 5, 2007 the defendant may file a reply brief.

DATED this 5th day of February, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

2